UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| SANDALWOOD HOSPITALITY, LLC, | : Chapter 11 Case No. 16-20030-JSD |
| | : |
| Debtor. | : |
| | : |

**MOTION TO ESTABLISH COMPENSATION PROCEDURES FOR PROFESSIONALS**

Sandalwood Hospitality, LLC, Debtor and Debtor-In-Possession in the above-captioned case (the "**Debtor**") files this Motion to Establish Compensation Procedures for Professionals (the "**Motion**"), and, in support thereof, respectfully shows this Court as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

2. On January 18, 2016, Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Debtor continues to manage its property as Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. In furtherance of its duties as Debtor-in-Possession, Debtor has filed an Application to Employ Stone & Baxter, LLP as Attorneys for Debtor. During the course of this case it may become necessary for Debtor or any Committee to seek to retain additional professionals, such as accountants, appraisers, attorneys, and consultants to assist in the performance of their respective duties, or to assist in litigation or the formulation of a plan of reorganization.

4. Under Section 331 of the Bankruptcy Code, such professionals are limited to applying for interim compensation not more than once every 120 days after the entry of the Order for relief, unless the Court authorizes applications for interim compensation more frequently. Courts in this district and other Georgia districts regularly allow professionals to seek and receive compensation on a monthly basis. *See*, *e.g.*, *In re Sterling Bluff Investors, LLC*, Case No. 14-40200 (Bankr. S.D. Ga. Mar. 31, 2014, Dkt. 94) (Coleman, J.); *In re Whigham*, Case No. 12-30123 (Bankr. S.D. Ga. May 17, 2012, Dkt. 45) (Barrett, J.); *In re Amar Hotels, Inc.*, Case No. 09-30121 (Bankr. S.D. Ga. Mar. 30, 2009, Dkt. 46) (Barrett, J.); *Fourth Quarter Properties 86, LLC*, Case No. 15-10135 (Bankr. N.D. Ga. Jun. 22, 2015, Dkt. 63) (Drake, J.); *Rohrig Investments, LP*, Case No. 13-53483 (Bankr. N.D. Ga. Feb. 19, 2013, Dkt. 209 ) (Ellis-Monro, J.); *In re Sprouse*, Case No. 14-70685 (Bankr. M.D. Ga. Jun. 03, 2014, Dkt. 33) (Laney, J.); *In re Patrick Farms Partnership*, Case No. 10-71203 (Bankr. M.D. Ga. Sep. 30, 2010, Dkt. 66) (Laney, J.).

5. Debtor believes that the relief requested in this Motion will streamline the professional compensation process and enable the Court and interested parties to monitor the professional fees incurred in the case more effectively. In addition, disbursement of 120 days of accumulated professional fees could be a hardship on Debtor.

6. Bankruptcy Rule 2016(b) authorizes supplemental payments and deposits to professionals following the filing of the bankruptcy case, provided that each attorney disclose such additional payments within fifteen (15) days after any payment or agreement not previously disclosed. Debtor seeks permission to make payments toward awards of interim and final compensation with court-appointed professionals now or hereafter appointed in this case and to consolidate the administrative approval of professional fees using the following procedure:

(a) All professionals employed in this case, whether upon a time basis, a deposit basis or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with each case in accordance with section 330 of the Bankruptcy Code and the fee application guidelines published by the United States Trustee.

(b)  For services performed after the filing of the petition in this case, each professional seeking compensation hereunder may submit to counsel for Debtor, no more frequently than monthly, an invoice for interim compensation, and shall provide copies thereof to the United States Trustee, the members of any Committee or its counsel, and such other parties as the Court may direct.

(c)  The parties receiving such fee invoices shall have fourteen (14) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for Debtor, counsel for any Committee and the United States Trustee an objection to payment of any fees and expenses. Such written objections shall state the reason(s) for such objection. Objections may be served by e-mail or by other means allowed under Bankruptcy Rule 7004, but if served by means other than e-mail, such objection must be received within fourteen (14) days from the date of service of the fee invoices.

(d)  If no such written objection to the fee invoice is received within fourteen (14) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of **Exhibit A** attached hereto) and the fees shall be paid by the Debtor, subject to the terms of this Order and any orders governing use of cash collateral (if applicable). If a specific written objection to the invoice is timely served, then, after the expiration of the fourteen (14) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be paid by Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn. The failure to object to a monthly invoice shall not be deemed a waiver of the right to object to an interim or final fee application.

(e)  At not less than 120 day intervals, each professional employed by Debtor may file and serve applications for interim compensation in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. Such applications shall be served upon (i) the United States Trustee; and (ii) any Committee appointed in this case or its counsel, or, if no Committee organizes, the twenty (20) largest creditors filed with the Court in this Case pursuant to Bankruptcy Rule 1007(d). Additionally, the notice of each such application shall be served in accordance with Bankruptcy Rule 2002(a)(6) and upon any parties who file a request for notice pursuant to Bankruptcy Rule 2002(i) and who serve counsel for Debtor with a copy of such request; and upon such other parties as the Court may direct.

(f)  All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time, absent unusual circumstances. Objections by any party-in-interest to any requested compensation shall be in writing and shall be served upon the professional whose compensation is objected to, and upon Stone & Baxter, LLP, the United States Trustee, and counsel representing any

      Committee so as to be received no later than five (5) days prior to the date scheduled for any such hearing.

(g)     All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(h)     In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(i)     Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation. The payment of any fees approved under these compensation procedures remains subject to the terms of any orders or agreements governing Debtor's use of cash collateral.

WHEREFORE, Debtor requests that Motion be inquired into by the Court, that the same be granted, and it have such other and further relief as is just and proper.

Respectfully submitted, this the 20th day of January, 2016.

                                      **STONE & BAXTER, LLP**
                                      By:

                                      */s/ David L. Bury, Jr.*
                                      Ward Stone, Jr.
                                      wstone@stoneandbaxter.com
                                      Georgia Bar No. 684630
                                      David L. Bury, Jr.
                                      dbury@stoneandbaxter.com
                                      Georgia Bar No. 133066

577 Mulberry Street, Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 (Facsimile)                     Proposed Counsel for Debtor

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| IN RE: | : |
| | : |
| **SANDALWOOD HOSPITALITY, LLC,** | : Chapter 11 Case No. 16-20030-JSD |
| | : |
| Debtor. | : |
| | : |

## CERTIFICATE OF NO OBJECTION

COMES NOW, (x), counsel for (x) in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1. In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered _____, 2016 (the "**Compensation Procedures Order**"), (x) served a monthly invoice (the "**Monthly Fee Statement**") on (date) for the period of time beginning (date) and ending (date).

2. (X)'s Monthly Fee Statement was served upon the proper parties pursuant to the Compensation Procedures Order.

3. As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to file and serve a written objection. The deadline for objections was (x). (X) has not received any objections to the Monthly Fee Statement and the records of the Court indicate that the Court has received no objection.

4. In accordance with subparagraph (6) of the Compensation Procedures Order, [Debtor] is authorized to pay the fees and expenses submitted by (X) in its Monthly Fee Statement as no objections have been filed within the time permitted by the Compensation Procedures Order.

This \_\_\_\_\_ day of _____, 2016.

          (FIRM NAME)
          BY:

          /s/_____
          (Name of Person signing pleading)
          Bar No. _____
          (Insert Address)
          (Insert Phone and Fax No.'s)